ST. PAUL, J.
 

 Defendant is a corporation organized under the laws of Delaware to carry on an exposition or fair in the city of New Orleans in which to exhibit the fabricated and raw products of the United States and of foreign countries and to operate in connection therewith sales agencies and other means by which such products may be sold and exchanged in trade.
 

 Plaintiff was made vice president and general nxanager thereof, and served as such from July 1, 1924, to August 27, 1925. His salary was fixed at $15,000 per year, or $1,-250 per month, of which $600 per month was to be paid, and was paid, during organization, the balance to be paid at the opening of the exposition.
 

 I.
 

 On August 10, 1925, the board of directors recognized that defendant owed plaintiff $8,-450 back salary to August 1st, and “resolved” that said sum was to be paid “when, in the opinion of the board, the exhibition corporation is an unqualified success and there is a net cash balance in the treasury of $100,000”; that the former arrangement, as to salary should cease as of August 1st; and that plaintiff (who had not as yet been re-elected vice president, but was a mere hold-over in that office) be required to signify in writing his assent to said resolution. On August 13th plaintiff did signify his assent in writing. On August 27th a -new vice president (not this plaintiff) was elected; but plaintiff was continued in defendant’s employ in some undefined capacity. On October 29th plaintiff was discharged altogether. On February 1, 1926, said exposition was duly opened.
 

 II.
 

 This is a suit to recover said back salary of $8,450, and for something in addition, of Which more hereafter. The defense is that the resolution of August 10th, when assented to on August 13th, became a binding agree'ment, and defendant is not yet obligated to pay plaintiff because the board of directors has not yet found that said exposition is an unqualified success and there is not as yet a net cash balance in the treasury of $100,000.
 

 III.
 

 Under the circumstances above recited, we are of opinion that plaintiff is under no binding agreement, to postpone his claim, which was otherwise due upon the opening of the exposition, until such time as the exposition should be pronounced an unqualified
 
 *457
 
 success and should have accumulated a net cash balance of $100,000.
 

 We can see no reason why plaintiff should have agreed to postpone his claim until the exposition should prove an unqualified success, except in the expectation that his services would be retained (whether as vice president or otherwise) and himself be given an opportunity to make it such a success. But this was made impossible by plaintiff’s dis- ■ missal, thus:
 

 “My reason for agreeing to that proposition was based on the fact * * * that I was to continue in the office which I had held all along since the organization of the corporation, and that as soon as the exhibition opened they would have sufficient money to return the difference which was not paid; * * * but, instead of carrying out the provisions on which they secured my signature to this letter, it led only to my dismissal.”
 

 There was therefore a complete failure' of consideration in that respect.
 

 And moreover, the provision that plaintiff should wait until the exposition should have a net cash balance of $100,000 in the treasury was a potestative condition of the kind reprobated by B. O. O. art. 2034. For the moneys of the defendant are under the control of its board of directors, who might always, and without the least impropriety, determine that the interests of the exposition would be better subserved by using or investing its funds, rather than by accumulating a large and idle
 
 net cash balance
 
 in the treasury.
 

 IV.
 

 On August 10th, with no vice president then chosen, defendant had the very clear right to fix the salary of the vice president and general manager, from thence on, at any figure it saw fit; and it was clearly plaintiff’s privilege to take this or leave it. Hence plaintiff can have no complaint as to salary after that date; but on August 10th plaintiff had earned the salary of the office up to that date, and therefore then had a vested right therein. Succession of Bragg, 13 Orleans App. 299. As we read the record, plaintiff was thereafter paid $450 per month instead of at the rate of $1,250 per month; and the difference for 10 days, at. $800 per month (of 31 days) is $258.07. Adding this to the $8,450 above mentioned, we find that plaintiff is entitled to $8,708.07 instead of the $9,065.10 allowed by the district judge; and his judgment will be amended accordingly.
 

 Decree.
 

 The judgment appealed from is therefore amended by reducing the amount allowed plaintiff to $8,708.07 with legal interest from judicial demand and the costs of the court below; and, as thus amended, said judgment is affirmed, plaintiff to pay the costs of appeal.