ST. PAUL, J.
 

 This case is practically identical with that of Avery v. International Trade Exhibition, 163 La. 454, 112 So. 44. Plaintiff in this case was the president of the company. His salary was fixed by the same authority which fixed the salary of Avery, the vice president. And we thought then, and think now, that authority was ample for the purpose. By the defendants charter its board of directors had authority to appoint and did appoint an executive committee “to exercise all the powers of the Board in the current business of the corporation while the Board is not in session.” We thinjk transacting .the current business of the corporation necessarily includes the fixing of the compensation of the officers, agents, and employees by whom such current business must be transacted.
 

 Plaintiff’s salary was fixed at $25,000 per annum, payable $1,000 per month, and the balance when the exposition opened.
 

 
 *58
 
 On August 10, 1925, the board recognized that defendant owed plaintiff a balance of $14,083.33 which it obligated itself to pay when in its opinion the exposition should be an unqualified success and there should be a net balance of $100,000 in the treasury. These terms of payment were accepted by the plaintiff. But as the claim was already due, and was payable when the exposition opened, an agreement to postpone payment to some further time was not binding, except if supported by a
 
 consideration;
 
 and we find no consideration received on the part of plaintiff for said postponement.
 

 Moreover, we think that the provision that the amount should be payable only when the exposition should be an unqualified success “in the opinion of the board,” and when there should be a net cash balance of $100,000 in the treasury, were potestative conditions of the kind reprobated by article 2034, R. C. O. Under such terms' the defendant might pay or not pay as it pleased.
 

 The trial judge found the case to be with the plaintiff, and in our opinion his judgment is correct.
 

 Decree.
 

 For the reasons assigned the judgment appealed from is affirmed.