MOTORS SECURITIES CO., Inc., v.
TULLOS.

No. 5603.

Court of Appeal of Louisiana. Second
Circuit.

Jan. 28, 1938.

Robert H. Wimberly, of Arcadia, for appellant.

L. Y. Barnette, of Shreveport, for appellee.

DREW, Judge.

This case is before us on a suspensive appeal from an order of executory process.

On March 16, 1937, defendant executed a chattel mortgage by authentic act covering a Ford truck, in favor of Wray-Dickinson Company, Inc., and executed a note which is duly paraphed for identification with said mortgage, for the amount of $631.68. On the face of the note, it is divided into sixteen payments of $39.48 each; the first payment, due April 16, 1937, and the remaining payments due on the same date of each succeeding month.

This note was transferred to the present holder, who is the plaintiff herein.

On July 3, 1937, plaintiff filed a petition praying for an order of executory process. Attached to the petition is a duplicate original of the act of chattel mortgage and note; also, there is attached the original note. After describing the act of mortgage and note, the petition sets out the following:

"That defendant is now incarcerated in the Claiborne Parish, Louisiana, jail on a charge of transporting stolen goods; and that your petitioner believes that said car has been used in the illegal traffic and that by such illegal traffic, defendant has violated the terms of the mortgage, which terms make the entire obligation due at the option of the holder.

"Petitioner believes that by said act his mortgage has become insecure.

"That there now remains a balance due and unpaid upon said note of Five Hundred Thirteen and 24/100 ($513.24) Dollars, and that amicable demand has been made in vain."

It is not alleged that defendant has failed to pay any installment that was due; to the contrary, the petition shows that the three first installments have been paid, and that the next installment was not due until July 16, 1937, which was thirteen days after this suit was filed.

Plaintiff relies entirely upon the allegations made in the above-quoted articles in its petition for its right to mature the entire obligation and to secure an order of executory process.

The provisions incorporated in the act of mortgage upon which plaintiff relies are as follow:

"Time is the essence of this mortgage, and in the event the mortgagor defaults in any payment or fails to comply with any condition of this mortgage, or a proceeding in bankruptcy, receivership or insolvency be instituted against the mortgagor or his property, or the mortgagee deems himself insecure, or the mortgagee deems the property in danger of misuse or confiscation, said note and mortgage shall be in default of all sums of money remaining unpaid shall immediately become due and payable. * * *

"The buyer hereby agrees that he will not use or cause or permit to be used the personal property herein sold, in any manner or for any purpose prohibited by any Federal, State or Municipal statute, code, regulation, or the requirement of any other lawful regulatory body, and it is agreed that should the said property be used for such purpose or for any other unlawful purposes, the buyer shall be deemed to be in default under this agreement whether or not there shall be a default under any other terms or conditions thereof."

 It is certain that no evidence of any kind, authentic or otherwise, was offered or presented to the lower court to sustain the allegation that the mortgagor was incarcerated in jail on a charge of transporting stolen goods, or that the automobile upon which the mortgage rests had been engaged in illegal traffic, or had been used in violation of any of the terms of the act of mortgage. At least some evidence was necessary to support this allegation in order to secure the order for executory process. Plaintiff recognizes this to be a fact, for in its brief it admits the necessity of such evidence and relies exclusively upon the other ground urged, to wit:

"Petitioner believes that by said act, his mortgage has become insecure."

In its brief, it says:

"It is true that there is nothing on the face of the mortgage nor in the pleadings to conclusively establish the fact that the defendant actually used the automobile in an illegal traffic and we concede that it would take testimony to prove this fact, but as we interpret the provisions of the mortgage, it is not necessary as a condition precedent to the default that the mortgagor be actually convicted of the violation of law or the terms of the mortgage, but it is only necessary that 'the mortgagee deems himself insecure, or the mortgagee deems the property in danger of misuse or confiscation.'"

The clause in the act of mortgage relied upon by plaintiff and quoted in his brief, as above set out, is unenforceable for the reason it is a potestative condition as defined by Revised Civil Code, article 2024, viz., "The potestative condition is that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder"; Reynolds v. Board of Com-

missioners of Orleans Levee District, 139 La. 518, 71 So. 787; Avery v. International Trade Exhibition, Inc., 163 La. 454, 112 So. 44; Wallace v. International Trade Exhibition, Inc., 170 La. 55, 127 So. 362; and is null under the provisions of article 2034 of the Revised Civil Code, which provides as follows: "Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself."

Therefore, since the provision in the act of mortgage which is relied upon by plaintiff is unenforceable, being a potestative condition, it cannot serve as a legal ground for the issuance of an order of executory process.

The order was erroneously issued and is now set aside, and the demands of plaintiff for orders of executory process are denied; and the case dismissed at its cost without prejudice as to future actions.